IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

***In re PRO SE GUANTANAMO BAY DETAINEE CASES*:**

| | | |
|---|---|---|
| AMEUR MAMMAR v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1233 (RCL) |
| AHMED v. GEORGE W. BUSH, *et al.* | ) ) | Civil Action No. 05-CV-1234 (EGS) |
| ABDUL BAQI v. GEORGE W. BUSH, *et al.* | ) ) | Civil Action No. 05-CV-1235 (PLF) |
| ABDULZAHER v. GEORGE W. BUSH, *et al.* | ) ) | Civil Action No. 05-CV-1236 (RWR) |
| AMINULLAH v. GEORGE W. BUSH, *et al.* | ) ) | Civil Action No. 05-CV-1237 (ESH) |
| HAJJI GHALIB v. GEORGE W. BUSH, *et al.* | ) ) | Civil Action No. 05-CV-1238 (CKK) |
| ALI ADEL MOTALEB AWEID AL KHAIY v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1239 (RJL) |
| ALI ABDULMOTALIB AWEID HASSAN ALTAIY v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1240 (RCL) |
| ABDUL HAKIM ABDUL KARIM AMIN BUKHARI v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1241 (RMC) |
| AHSANULLAH PIRZAI v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1242 (RCL) |
| IHSAN ULLAH PEERZAI v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1243 (GK) |
| TARIQ MAHMOUD ALSAWAM v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1244 (CKK) |
| ABDUL MAJID MOHAMMADI v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1246 (RWR) |
| ABDULRAHIM ABDUL RAZAK AL GINCO v. GEORGE W. BUSH, *et al.* | ) ) ) | Civil Action No. 05-CV-1310 (RJL) |
| EHSAN ULLAH v. GEORGE W. BUSH, *et al.* | ) ) | Civil Action No. 05-CV-1311 (CKK) |

GHALEB NASSAR AL BIHANI v. GEORGE W. BUSH, *et al.* ) Civil Action No. 05-CV-1312 (RJL)

**RESPONDENTS' MOTION TO STAY PROCEEDINGS PENDING RELATED APPEALS AND FOR COORDINATION**

For the reasons explained below, respondents move for a coordinated stay of proceedings in the above-captioned *pro se* Guantanamo Bay detainee cases, pending resolution of all appeals in two other Guantanamo Bay detainee cases, *Khalid et al. v. Bush*, No. 04-CV-1142 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), *appeals docketed*, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and *In re Guantanamo Detainee Cases*, No. 02-CV-0299, *et al.*, 355 F. Supp. 2d 443 (D.D.C. 2005), *appeal on petition for interlocutory appeal*, No. 05-5064 (D.C. Cir. Mar. 10, 2005). The pending appeals will address the core issues in the above-captioned cases and, thus, determine how the cases should proceed, if at all. As every Judge who has considered this issue has concluded, a stay of proceedings is therefore appropriate.[1]

**BACKGROUND**

The above-captioned cases are among 48 individual *pro se* cases filed by detainees at the United States Naval Base, Guantanamo Bay, Cuba ("Guantanamo Bay"). A total of approximately 115 cases have been filed by or on behalf of more than 200 detainees at Guantanamo Bay and are pending in this Court. The above-captioned *pro se* cases were filed through mailings by detainees to the Court. So far several judges of the Court have issued orders pertaining to certain other *pro se* cases before them. Judges Kollar-Kotelly, Huvelle, Walton and Bates have already stayed cases before them pending the Court of Appeals resolution of the

[1] Due to the extraordinary circumstances presented by these *pro se* cases, *see infra*, respondents' counsel did not confer with each of the *pro se* petitioners regarding this motion, but it is presumed that petitioners oppose the motion.

*Khalid* and *In re Guantanamo Detainee Cases* appeals.[2] Judge Roberts has set a schedule for respondents to file and serve "a statement showing why the Writ of *Habeas Corpus* should not issue,"[3] and has entered preservation orders in cases pending before him.[4] And Judge Robertson has ordered respondents to "make a return certifying the true cause of petitioner's detention" in the cases before him.[5]

---

[2] *See* Order (May 18, 2005), *Rahmattulah v. Bush*, No. 05-CV-0878 (CKK) (staying case; requiring factual return after decision from Court of Appeals in *Khalid* and *In re Guantanamo Bay Detainee Cases*); Order (May 18, 2005), *Gul v. Bush*, No. 05-CV-0888 (CKK) (same); Order (May 18, 2005), *Shaaban v. Bush*, No. 05-CV-0892 (CKK) (same); Order (June 29, 2005), *Nasrat v. Bush*, No. 05-CV-0880 (ESH) (staying case); Order (June 29, 2005), *Basardh v. Bush*, No. 05-CV-0889 (ESH) (same); Order (June 29, 2005), *Kahn v. Bush*, No. 05-CV-1001 (ESH) (same); Order (June 29, 2005), *Ali Shah v. Bush*, No. 05-CV-1012 (ESH) (same); Order (July 8, 2005), *Al-Khalaqi v. Bush*, No. 05-CV-0999 (RBW) (same); Order (June 27, 2005), *Tohirjanovich v. Bush*, No. 05-CV-0994 (JDB) (same); Order (May 25, 2005), *Mangut v. Bush*, No. 05-CV-1008 (JDB) (same); Order (June 27, 2005), *Hamad v. Bush*, No. 05-CV-1009 (JDB) (same); Order (May 25, 2005), *Salaam v. Bush*, No. 05-CV-1013 (JDB) (same).

[3] *See* Order (May 11, 2005), *Slahi v. Bush*, No. 05-CV-0881 (RWR); Order (May 11, 2005), *Chaman v. Bush*, No. 05-CV-0887 (RWR); Order (July 8, 2005), *Abdulzaher v. Bush*, No. 05-CV-1236 (RWR); Order (July 8, 2005), *Mohammedi v. Bush*, No. 05-CV-1246 (RWR). Judge Roberts also stayed proceedings in the *Slahi* and *Chaman* cases pending resolution of the *Khalid* and *In re Guantanamo Detainee Cases* appeals. *See* Mem. Order (June 15, 2005), *Slahi v. Bush*, No. 05-CV-0881 (RWR); Mem. Order (June 15, 2005), *Chaman v. Bush*, No. 05-CV-0887 (RWR).

[4] *See* Order (July 18, 2005), *Slahi v. Bush*, No. 05-CV-0881 (RWR); Order (July 18, 2005), *Chaman v. Bush*, No. 05-CV-0887 (RWR); Order (July 18, 2005), *Abdulzaher v. Bush*, No. 05-CV-1236 (RWR); Order (July 18, 2005), *Mohammedi v. Bush*, No. 05-CV-1246 (RWR).

[5] *See* Order (May 11, 2005), *Khiali-Gul v. Bush*, No. 05-CV-0877 (JR); Order (May 27, 2005), *Mohammad v. Bush*, No. 05-CV-0996 (JR); Order (May 27, 2005), *Zuhoor v. Bush*, No. 05-CV-1011 (JR).

Over fifty non-*pro se* Guantanamo Bay detainee cases have been stayed pending the *Khalid* and *In re Guantanamo Detainee Cases* appeals; no Judge of the Court who so far has addressed the issue has refused to stay such a case.[6]

**ARGUMENT**

A coordinated stay of these *pro se* cases is appropriate. The *Khalid* and *In re Guantanamo Detainee Cases* cases involve decisions of Judges Leon and Green, respectively, regarding the claims, if any, available to Guantanamo Bay detainees. The appeals of those cases thus will address the core issues in these *pro se* cases, including whether Guantanamo Bay detainees have judicially enforceable rights under the Constitution, statutes, or various international treaties. Those appeals, therefore, will determine how the Guantanamo Bay detainee cases, including these *pro se* cases, should proceed, if at all. It makes no sense for these cases to proceed in advance of resolution of the appeals; further proceedings would require the expenditure of judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated when the Court of Appeals provides guidance regarding handling of the claims in these Guantanamo Bay detainee cases. Indeed, Judges Kollar-

[6] *See*, *e.g.*, *Deghayes v. Bush*, No. 04-CV-2215 (RMC) (dkt. no. 7); *Al Mohammed v. Bush*, No. 05-CV-0247 (HHK) (dkt. no. 18); *El-Mashad v. Bush*, No. 05-CV-0270 (JR) (dkt. no. 29); *Al-Adahi v. Bush*, No. 05-CV-0280 (GK) (dkt. no. 35); *Al-Wazan v. Bush*, No. 05-CV-0329 (PLF) (dkt. no. 15); *Al-Anazi v. Bush*, No. 05-CV-0345 (JDB) (dkt. no. 21); *Ameziane v. Bush*, No. 05-CV-0392 (ESH) (dkt. no.12); *Sliti v. Bush*, No. 05-CV-0429 (RJL) (dkt. no. 5); *Qayed v. Bush*, No. 05-CV-0454 (RMU) (dkt. no. 4); *Al Shamri v. Bush*, No. 05-CV-0551 (RWR) (dkt. no. 10); *Magram v. Bush*, No. 05-CV-0584 (CKK) (dkt. no. 9); *Battayav v. Bush*, No. 05-CV-0714 (RBW) (dkt. no. 12).

Kotelly, Roberts, Huvelle, Walton and Bates have recognized these issues and stayed the *pro se* cases before them pending a decision from the Court of Appeals.[7]

A coordinated stay should also include a stay on any requirement, including any requirement previously imposed by Court order, *see supra* notes 3 & 5, that respondents submit any kind of factual return or other return to the *pro se* petitions. Aside from the fact that the Court of Appeals, in *Khalid* and *In re Guantanamo Detainee Cases,* will be considering the proper scope of these habeas proceedings, including whether these cases can be dismissed without reference to specific factual returns for petitioners, little utility would be served by requiring respondents to submit factual returns at this time. In those detainee cases in which factual returns have been required and filed, such returns have typically consisted of records of proceedings before the Combatant Status Review Tribunal ("CSRT"), which the military uses to review and confirm detainees' ongoing status as enemy combatants subject to detention. Such returns include

---

[7] The Court has the authority to stay proceedings in habeas cases, even prior to the filing of a response. Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"), which are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases, *see* 2254 Rule 1(b), a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243. Rule 4 provides that "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. . . ." *See Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses. Rule 4 leaves it up to the district court to fix the deadline."); *Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"). *See also Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *id.* at 256 (noting propriety of stay in cases "of extraordinary public moment").

both classified and unclassified material, and often a full explanation of the reasons justifying the detention of a particular detainee necessarily involves classified or otherwise protected information that, pursuant to military rules and/or the Protective Orders entered in various detainee habeas cases, may not be shared with a detainee (whose detention was initiated because he was believed to pose a threat or danger to the security of the Nation and its troops or citizens).[8]

With respect to information supporting detention that can be shared with a detainee, each detainee has already had the opportunity to participate in the CSRT process, and during that process, an unclassified summary of the evidence supporting the detainee's classification as an enemy combatant was made available to the detainee in advance of the CSRT hearing. *See* Memorandum dated July 29, 2004 regarding Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Encl. (1) ¶¶ F(8), H(5) (available online at: www.defenselink.mil/news/Jul2004/d20040730comb.pdf). A detainee also would have been permitted to attend and testify in the open portions of the CSRT proceedings. *See id.* ¶ F(3). There would be little utility in requiring respondents to rehash in a return information the detainee already had the opportunity to learn, especially when proceedings in these cases otherwise should be stayed pending the appeals.

A coordinated stay, including a stay on any kind of return to the petition, would also be warranted to the extent it would be appropriate to attempt to find volunteer counsel for any of the

---

[8] A detainee's counsel may have access to classified and protected materials in a factual return pertaining to the detainee, but only after counsel obtains a security clearance and otherwise complies with the protective order made applicable in other Guantanamo Bay detainee cases, which prohibits the sharing of classified information with a detainee. *See* November 8, 2004 Amended Protective Order and Procedures for Counsel Access To Detainees at the United States Naval Base In Guantanamo Bay, Cuba, ¶ 30, *In re Guantanamo Detainee Cases*, 344 F. Supp. 2d 174 (D.D.C. 2004).

*pro se* petitioners who desire such counsel. These *pro se* cases were presumably filed as a result of notifications provided by the Department of Defense ("DoD") informing detainees that they could seek review of their detention by petitioning the Court. Petitioners, however, are likely unfamiliar with United States law and the American legal system, typically do not speak or write English, and have access to the Court only through mail and not the Court's electronic filing system. Given these factors, as well as the fact that petitioners are not permitted access to classified information supporting their detention, recruitment of volunteer counsel for petitioners who desire counsel may be appropriate.[9] Further, respondents have ascertained that several *pro se* petitioners have filed multiple petitions for writ of habeas corpus that are pending before the Court, and respondents are considering how to proceed with regard to these petitions, including whether to file motions to dismiss the later-filed petitions and/or motions to consolidate the later-

[9] Indeed, certain petitioners in *pro se* cases have explicitly requested representation by counsel. *See, e.g., Shaaban v. Bush*, No. 05-CV-0892 (CKK) (dkt. no. 6). For its part, DoD is in discussions with an attorney organization regarding recruiting volunteer counsel for *pro se* petitioners who may desire representation.

filed petitions into the first-filed petitions.[10] A coordinated stay of the cases would permit any such efforts to go forward and promote efficiency in the cases.

**CONCLUSION**

For the foregoing reasons, the Court should stay further proceedings in these *pro se* cases, including any requirement for a return to the petitions, pending resolution of the appeals in *Khalid* and *In re Guantanamo Detainee Cases*.

Dated: July 18, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DAVID B. SALMONS
Assistant to the Solicitor General

DOUGLAS N. LETTER
Terrorism Litigation Counsel

---

[10] Petitioner Ali Adel Motaleb Aweid Al Khaiy (*Al Khaiy v. Bush*, No. 05-CV-1239 (RJL)) also filed a petition as Ali Abdulmotalib Aweid Hassan Altaiy (*Altaiy v. Bush*, No. 05-CV-1240 (RCL)). Petitioner Ahsanullah Pirzai (*Pirzai v. Bush*, No. 05-CV-1242 (RCL)) also filed petitions as Ihsan Ullah Peerzai (*Peerzai v. Bush*, No. 05-CV-1243 (GK)) and Ehsan Ullah (*Ullah v. Bush*, No. 05-CV-1311 (CKK)). Petitioners Akhtar Mohammed (*Mohammed v. Bush*, No. 05-CV-1002 (EGS)), Haji Nasrat (*Nasrat v. Bush*, No. 05-CV-0880 (ESH)) and Syed Muhammad Ali Shah (*Ali Shah v. Bush*, No. 05-CV-1012 (ESH)) have subsequent petitions filed on their behalf in *Mousovi v. Bush*, No. 05-CV-1124 (RMC) (petitioners Abdul Razak Iktiar Mohammed, Haji Nusrat and Ali Shah Mousovi). Petitioner Ameur Mammar (*Mammar v. Bush*, No. 05-CV-0573 (RJL)) also filed a petition as Ameur Mammar (*Mammar v. Bush*, No. 05-CV-1233 (RCL)). Petitioner Mohammedou Ould Salahi (*Salahi v. Bush*, No. 05-CV-0569 (JR)) also filed petitions as Mohamedou Ould Slahi (*Slahi v. Bush*, No. 05-CV-0881 (RWR)) and Mohamedou Ould Slahi (*Slahi v. Bush*, No. 05-CV-0995 (GK)). A motion to consolidate these later-filed petitions into the earliest-filed case, *Salahi v. Bush*, No. 05-CV-0569 (JR), is pending before the Court.

    /s/ Preeya M. Noronha
JOSEPH H. HUNT
VINCENT M. GARVEY
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883
Washington, DC  20044
Tel:  (202) 514-2000

Attorneys for Respondents

**CERTIFICATE OF SERVICE**

I hereby certify that on July 18, 2005, I caused a copy of the foregoing Respondents' Motion to Stay Proceedings Pending Related Appeals and for Coordination to be served via U.S. Mail, First Class postage prepaid, on the petitioners in these cases at the following address:

Camp Delta; Guantanamo Bay
Washington, D.C. 20355

/s/ Preeya M. Noronha
PREEYA M. NORONHA
United States Department of Justice
Civil Division, Federal Programs Branch

One of the Attorneys for Respondents