**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

```
_____
                               )
ABDULZAHER,                    )
                               )
     Petitioner,               )
                               )
          v.                   )   Civil Action No. 05-1236 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
     Respondents.              )
_____)
                               )
ABDUL MAJID MOHAMMADI          )
                               )
     Petitioner,               )
                               )
          v.                   )   Civil Action No. 05-1246 (RWR)
                               )
GEORGE W. BUSH et al.,         )
                               )
     Respondents.              )
_____)
```

**MEMORANDUM ORDER**

Petitioner Abdulzaher and petitioner Abdul Majid Mohammadi each seek a writ of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba.  Petitioners, presumed to be unfamiliar with the English language, are unrepresented at this point and proceeding pro se.  Respondents moved for a stay of proceedings [Dkt. # 4 in C.A. 05-1236 and Dkt. # 4 in C.A. 05-1246] pending resolution of the appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory

-2-

appeal, No. 05-5064 (D.C. Cir. March 10, 2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. March 2, 2005).  Respondents also seek to be relieved of any obligation to file a factual return on the petition.

   A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties).  A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the

-3-

rotation of service among the ports involved pending final review and determination"); <u>Scott v. Scott</u>, 382 F.2d 461, 462 (D.C. Cir. 1967) (discussing a stay of execution of judgment conditioned upon support payments); <u>Center for Int'l Environmental Law v. Office of the U.S. Trade Rep.</u>, 240 F. Supp. 2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on party seeking an expedited appeal).  Where, as here, the condition imposed on the proponent of the stay is "neither heavy nor unexpected," imposing a protective condition is well within a court's discretion. <u>Cooks v. Fowler</u>, 459 F.2d at 249 (quoting <u>Bell v. Tsintolas Realty Co.</u>, 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have little doubt that . . . [a court] may fashion an equitable remedy to avoid placing one party at a severe disadvantage during the period of litigation")).

>Therefore, here
>
>the court will "guard against depriving the processes
>of justice of their suppleness of adaptation to varying
>conditions."  <u>Landis v. North American Co.</u>, 299 U.S.
>248, 256 (1936).  Coextensive with a district court's
>inherent power to stay proceedings is the power to
>craft a stay that balances the hardships to the
>parties.  <u>Id</u>. at 255 (noting concern regarding a stay
>causing "even a fair possibility . . . [of] damage to
>some one else."); <u>see</u> <u>also</u> <u>Clinton v. Jones</u>, 520 U.S.
>681, 707 (1997) (noting that "burdens [to the parties]
>are appropriate matters for the District Court to
>evaluate in its management of the case.").

<u>Al-Oshan v. Bush</u>, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005) (Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay and relief from any obligation to file a factual return [Dkt. # 4 in C.A. 05-1236 and Dkt. # 4 in C.A. 05-1246] be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in In re Guantanamo Detainee Cases and Khalid et al. v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and petitioners or any counsel representing them thirty days' advance written notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay.

SIGNED this 22nd day of September, 2005.

　　　　　　　　　　　　　　　　　　　　_____/s/_____
　　　　　　　　　　　　　　　　　　　　RICHARD W. ROBERTS
　　　　　　　　　　　　　　　　　　　　United States District Judge