**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ABDULZAHER, aka ABDUL ZAHIR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05-cv-01236 (RWR) |
| | ) | |
| GEORGE W. BUSH, President of the | ) | |
| United States *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**NOTICE OF FILING**

Notice is hereby given that the following Motion for Stay-and-Abey Order was submitted

to and received by the Court Security Officer on May 3, 2007, and that the Court Security Officer

replied that"I am writing to inform you that your motion titled "Motion for Stay and Abey Order"

that was filed with the Court Security Officer on May 3, 2007, is unclassified."  The Motion is

filed herewith.

Dated May 4, 2007.

_____

Robert A. Gensburg
Attorney for Petitioner
Federal Bar ID #000243107
P. O. Box 248
St. Johnsbury, VT 05819
(802) 748-5338

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDULZAHER, aka ABDUL ZAHIR,    ) | |
|        ) | |
|     Petitioner,    ) | |
|        ) | |
|     v.    ) | Civil Action No. 1:05-cv-01236 (RWR) |
|        ) | |
| GEORGE W. BUSH, President of the    ) | |
| United States *et al.,*    ) | |
|        ) | |
|     Respondents.    ) | |

## MOTION FOR STAY-AND-ABEY ORDER

The Respondents have moved to dismiss this habeas corpus action for lack of jurisdiction. Petitioner respectfully moves that this Court (1) stay its ruling on the Respondents' motion to dismiss this habeas corpus proceedings pending Petitioner's exhaustion of his remedies in the Court of Appeals under the Detainee Treatment Act of 2005, Pub. L. No. 109-148, 119 Stat. 2680 (the "DTA")[1], and (2) hold this action in abeyance pending Petitioner's exhaustion of those remedies, the ruling by the Supreme Court on a renewed petition for certiorari to review the jurisdictional holding by Circuit Court of Appeals for the District of Columbia (the "Court of Appeals") in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169 and in an original habeas petition in *In re Ali*, No. 06-1194.

The government opposes this motion.

The Court of Appeals for the has not issued its mandate in *Boumediene I*. The *Boumediene* petitioners have asked the Court to stay the issuance of its mandate pending the completion of DTA

---

[1] Petitioner commenced a DTA action in the Circuit Court of Appeals for the District of Columbia Circuit on February 4, 2006. *Abdulzaher v. Gates et al.*, No. 07-1031. That action has been pending for almost three months, and is at present stayed until further order of the Court.

proceedings and the filing of a renewed petition for certiorari to review the Circuit Court's jurisdictional ruling in *Boumediene I*. The Court has not yet acted on the motion. That case is presently before the Court of Appeals on an interlocutory appeal (No. 05-5398) and the government has moved to dismiss in that case. The petitioners in that case have not yet filed oppositions to the government's motions to dismiss but, when they do, they will ask the Court of Appeals to reject dismissal and allow those cases to be stayed and held in abeyance.

"District courts . . . ordinarily have authority to issue stays, *see Landis v. North American Co.*, 299 U.S. 248, 254 (1936), where such a stay would be a proper exercise of discretion, *see Clinton v. Jones*, 520 U.S. 681, 706 (1997)." *Rhines v. Weber*, 544 U.S. 269, 276 (2005). In appropriate circumstances, a district court may stay a federal habeas action pending the petitioner's exhaustion of state-court remedies for unexhausted claims. *Id.* at 277-78. The considerations that make a stay-and-abey appropriate in that setting also support a stay-and-abey order here.

On February 20, 2007, a divided panel of the Court of Appeals ruled that the Military Commissions Act of 2006 (the "MCA"), Pub. L. No. 109-366, 120 Stat. 2600, has stripped the federal courts of jurisdiction over habeas actions, such as this, brought by foreign nationals held at Guantanamo. *Boumediene I*, 476 F.3d at 988.

On March 5, 2007, the *Boumediene* petitioners filed a certiorari petition in the Supreme Court. On April 2, 2007, a divided Court denied the petition. Three Justices dissented from the denial of that petition. *See Boumediene v. Bush*, Nos. 06-1195 & 06-1196, 2007 WL 957363 (U.S. Apr. 2, 2007) ("*Boumediene II*"), stating that the jurisdictional and constitutional questions raised by those petitioners "deserve this Court's immediate attention." *Id.* at 1 (Breyer, J., joined by Souter & Ginsburg, JJ., dissenting). Two other Justices concurred in the denial but stated that, despite "the obvious importance of the issues raised in these cases," it was "appropriate to deny these petitions

*at this time*" in order to require the petitioners to exhaust their DTA remedies." *Id.* (statement of Stevens and Kennedy, JJ., respecting the denial of certiorari) (emphasis added).

Five Justices have thus made clear that, upon the *Boumediene* petitioners' exhaustion of their DTA remedies, the Supreme Court will seriously consider a renewed certiorari petition seeking review of *Boumediene I*. A majority of the Court, in other words, has left open at least the possibility that the Court of Appeals' holding in *Boumediene I* might be erroneous and that it would therefore be appropriate to allow the habeas actions of the *Boumediene* petitioners and those similarly situated to proceed with their habeas petitions in the District Court.

In addition, an original habeas petition that bears directly on the MCA jurisdictional holding of the Court of Appeals in *Boumediene I* is now pending in the Supreme Court. *In re Ali*, No. 06-1194, directly challenges the MCA jurisdictional holding of the Court of Appeals. The Supreme Court considered the *Ali* petition sufficiently meritorious that it directed the government to respond to the petition. The government's response was due on April 16, 2007.

Under these circumstances, it would be premature for this Court to dismiss Petitioner's case for lack of jurisdiction at this time. Rather, this Court should stay this action pending (1) resolution of the Petitioner's DTA proceeding in the Court of Appeals, and (2) resolution of timely petitions for certiorari in the Supreme Court challenging the Court of Appeals' jurisdictional holding in *Boumediene I*, or resolution of the jurisdictional issue in *Ali*.

This proposed course of action will not prejudice the Respondents to any degree. It will, however, save Petitioner the uncertainty of having to "resurrect" a dismissed habeas claim following exhaustion of his DTA remedies. Petitioner is concerned, for example, that if his habeas petition is dismissed, Respondents will argue in later court hearings that Petitioners may seek review only of the Court of Appeals' narrowly read DTA determinations. The DTA, in turn, may allow only

limited challenges to limited aspects of the final decision of the Petitioner's Combatant Status Review Tribunal ("CSRT").

Under these circumstances, the most economical and efficient way to proceed is for this Court to stay rather than dismiss this action. The Court should do so purely as a precaution. *See Boumediene*, 2007 WL 957363, at 1 (statement of Stevens, J., joined by Kennedy, J., respecting denial of certiorari) ("Were the Government to take additional steps to prejudice the position of petitioners in seeking review in this Court, 'courts of competent jurisdiction,' including this Court, 'should act promptly to ensure that the office and purposes of the writ of habeas corpus are not compromised.' ") (citation omitted).

It is immaterial that this Court held in *Boumediene I* that the federal courts no longer retain jurisdiction over habeas actions such as this. The correctness of that jurisdictional holding is still very much in dispute. The Supreme court has already held on one occasion that 28 U.S.C. § 2241, the Federal habeas statute, applies to "persons detained within 'the territorial jurisdiction' of the United States," *Rasul v. Bush et al.*, 124 S.Ct. 2686, 2696 (2004), and as Justice Kennedy noted in his concurring opinion, "Guantanamo is in every practical respect a United States territory," id. at 2701. The *Boumediene I* majority in the Court of Appeals, on the other hand, held that *Rasul* did not apply because, it reasoned, even though statutory habeas jurisdiction applies outside of the nation's borders, *Constitutional* habeas jurisdiction that existed in 1789 would not have extended to imprisonment of aliens by the United States at Guantanamo because common-law habeas jurisdiction "did not extend to aliens beyond the Crown's dominions." 476 F.3d at 989.    Even assuming the correctness of the Court of Appeals's reasoning, which is certain to be challenged vigorously,  the premise on which it was based may be flawed. Quoting from and relying on *INS v. St. Cyr*, 533 U.S. 289 (2001), the *Boumediene I* majority wrote that "The Supreme Court has

stated the Suspension Clause protects the writ 'as it existed in 1789,' when the first Judiciary Act

created the federal courts and granted jurisdiction to issue writs of habeas corpus." 476 F.3d 988.

The full quotation from St. Cyr actually says something quite different.  It reads:

Accordingly, regardless of whether the protection of the Suspension Clause encompasses all cases covered by the 1867 Amendment extending the protection of the writ to state prisoners, or by subsequent legal developments, at the absolute minimum, the Suspension Clause protects the writ as it existed in 1789. (Internal quotation marks and citations omitted).

As Circuit Judge Rogers commented in her *Boumediene I* dissent:

the majority oddly chooses to ignore the issue [whether the Suspension Clause protects the writ of habeas corpus as it has developed since 1789] by truncating its reference to *St. Cyr,* without comment, and omitting the qualifier "at the absolute minimum."

At the absolute minimum, the *Boumediene I* majority's reading of and the way it applied *St.*

*Cyr* will be the subject of a vigorously contested  dispute between the government and the

Guantanamo habeas corpus petitioners in the Supreme Court.  United States' territorial jurisdiction

over Guantanamo, and Article III courts' habeas jurisdiction there, remains very much a live issue

that will be resolved with finality only when the Supreme Court decides the issue in *Ali,* or after the

Supreme Court has disposed of the *Boumediene* petitioners' certiorari petitions challenging the Court

of Appeals' MCA jurisdictional holding, or after the Petitioner in the case at bar has had his DTA

hearing in the Court of Appeals.

The Petitioner's DTA action in the Court of Appeals challenges the determination by a CSRT

that he was properly detained at Guantanamo Bay as an enemy combatant.  Section 7(e)(1) of the

MCA, the habeas jurisdiction-stripping provision, provides that:

No court, justice, or judge shall have  jurisdiction to hear or consider an application for a writ of  habeas corpus filed by or on behalf of an alien detained by  the United States who has been determined by the United States

to have been properly detained as an enemy combatant or is awaiting such determination.

If the Petitioner's challenge to the CSRT determination that is under review in the Court of Appeals is successful, habeas jurisdiction stripping of the MCA will not apply to him -- he will not "have been properly detained as an enemy combatant" -- and this Court will have jurisdiction to hear and determine his habeas petition even if section 7(e)(1) is a valid exercise of the Congress's power to suspend the privilege of the writ.

Staying this action while the Petitioner exhausts his DTA remedies in the Court of Appeals, and then allowing him to seek review of that Court's *Boumediene I* jurisdictional holding if necessary, is also consistent with Supreme Court directives concerning the proper procedure by a federal court when presented with unexhausted habeas petitions brought pursuant to 28 U.S.C. § 2254. As mentioned above, where a habeas petitioner has failed to exhaust all available remedies in state court, a federal court retains discretion to retain jurisdiction over the pending habeas petition, staying the action and allowing exhaustion of remedies in the state courts rather than dismissing the petition. *Rhines*, 544 U.S. at 277. Indeed, the Supreme Court has indicated that it would be an abuse of discretion to dismiss a habeas petition if the "petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that [the petitioner] engaged in intentionally dilatory litigation tactics." *Id.*; *accord Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005); *see also Duncan v. Walker*, 533 U.S. 167, 182 (2001), in which Justice Stevens, joined by Souter, J., concurred in part and concurred in the judgment stated that "in our post-AEDPA world there is no reason why a district court should not retain jurisdiction over a meritorious [habeas] claim and stay further proceedings pending the complete exhaustion of state remedies."

The relief the Petitioner requests in this case, a stay and abey order, will help him receive the speedy review of the constitutional issues presented in his habeas petition to which he is entitled once his DTA action is heard and decided. His habeas petition has been pending for over one and one half years and has yet to progress at all. Because it is reasonably possibile that the Supreme Court will find the jurisdictional holding in *Boumediene I* to be in error, ordering dismissal of this case now might cause unnecessary additional delay that is contrary to the nature of habeas relief. *See Carafas v. La Vallee*, 391 U.S. 234, 238 (1968) (habeas writ "shaped to guarantee the most fundamental of all rights, is to provide an effective and speedy instrument by which judicial inquiry may be had into the legality of the detention of a person").

## CONCLUSION

For the foregoing reasons, this Court should stay this action pending Petitioners' exhaustion of his DTA remedies in the Court of Appeals, and hold ruling on the Respondents' Motion to Dismiss in abeyance until resolution by the Supreme Court of the MCA jurisdictional issue in *Hamdan* or *Ali*, or resolution by the Supreme Court of a renewed petition for certiorari seeking review of *Boumediene I*.

Respectfully submitted on May 2, 2007.

Robert A. Gensburg
Attorney for Petitioner
Federal Bar ID #000243107
P. O. Box 248
St. Johnsbury, VT 05819
(802) 748-5338

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ABDULZAHER, aka ABDUL ZAHIR,   )
   )
       Petitioner,   )
   )
       v.   )   Civil Action No. 1:05-cv-01236 (RWR)
   )
GEORGE W. BUSH, President of the   )
United States *et al.*,   )
   )
       Respondents.   )

### (PROPOSED) ORDER

The Court having considered Petitioner's Motion for Stay-and-Abey Order,

IT IS HEREBY ORDERED that the Motion is granted; it is further

ORDERED that this action shall be stayed and held in abeyance pending Petitioner's exhaustion of his remedies in the Circuit Court of Appeals for the District of Columbia in the case of *Abdulzaher v. Gates et al.*, No. 07-1031, and the filing in the Supreme Court of a renewed petition for certiorari to review the Court of Appeals' jurisdictional holding in *Boumediene v. Bush*, 476 F.3d 981 (D.C. Cir. 2007) ("*Boumediene I*"), or the Supreme Court's resolution of the same jurisdictional issue as presented in a pending petition for certiorari before judgment in *Hamdan v. Rumsfeld*, No. 06-1169, and an original habeas petition in *In re Ali*, No. 06-1194.

Dated: _____

_____
Richard W. Roberts
United States District Judge

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2007, I served the foregoing on the counsel listed below by causing an original and six copies to be filed with the Court Security Officer.

Peter D. Keisler
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, DC 20530
Tel: (202) 514-4107
Fax: (202) 616-8470

Dated May 2, 2007.

Robert A. Gensburg
Attorney for Petitioner
Federal Bar ID #000243107
P. O. Box 248
St. Johnsbury, VT 05819
(802) 748-5338